UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTHONY D. BOYINGTON                                                     PLAINTIFF

v.                                        CIVIL ACTION NO. 3:18CV-P134-GNS

SGT. WALKER                                                            DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Anthony D. Boyington's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the instant action.

**I. SUMMARY OF CLAIMS**

Plaintiff, a pretrial detainee incarcerated at the Louisville Metro Department of Corrections (LMDC), brings this action pursuant to 42 U.S.C. § 1983 against LMDC Sgt. Walker in his official capacity.

In the complaint, Plaintiff alleges that on January 27, 2018, he was moved from his dorm to the fifth floor because he told Defendant Walker that he "had a problem with some inmates that was in dorm 5-3." He claims that Defendant Walker told him that "since I checked out of that dorm he was going to keep me in Dorm 9 on the 5th floor since I didnt want to go into a harmful situation and he told me to suck it up and be a man." Plaintiff states that Defendant Walker "kept me in Dorm 9 from 1-27-2018 [illegible] until that morning until 1-28-2018 without no water no running sink or toliet or no sheets or a mattress in this cold cell and I felt like he treated me like an animal in a cage and disrespect me as a human being because I am locked up." Plaintiff claims that Defendant Walker told him that he "was going to keep me in

that holding cell until I went into that harmful situation and I feel like he was going to try and let me get jumped in that dorm." Plaintiff alleges that another officer went to Dorm 9 and gave him his sheets and a mat for about ten minutes before taking it upon himself to get Plaintiff moved out of that holding cell.

Plaintiff contends that Defendant Walker "wasnt held accountable for his actions as a high ranking officer at lmdc. The only thing they told me was he was going to be counseled on his interpersonal relations with inmate population."

As relief, Plaintiff seeks damages.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

that holding cell until I went into that harmful situation and I feel like he was going to try and let me get jumped in that dorm." Plaintiff alleges that another officer went to Dorm 9 and gave him his sheets and a mat for about ten minutes before taking it upon himself to get Plaintiff moved out of that holding cell.

Plaintiff contends that Defendant Walker "wasnt held accountable for his actions as a high ranking officer at lmdc. The only thing they told me was he was going to be counseled on his interpersonal relations with inmate population."

As relief, Plaintiff seeks damages.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff sues Defendant Walker in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against

3

Defendant Walker, therefore, are actually against the Louisville Metro Government. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint indicate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. *Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, the complaint fails to establish a basis of liability against the

municipality and fails to state a cognizable § 1983 claim. Therefore, the § 1983 claims against Defendant Walker in his official capacity/Louisville Metro Government will be dismissed.

Even if Plaintiff had sued Defendant Walker in his individual capacity, he still would have failed to state a cognizable § 1983 claim. "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."[1] *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

"The circumstances, nature, and duration of a deprivation . . . must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Here, Plaintiff's alleged conditions—no water, no sink, no toilet, no sheets, and no mattress in a cold cell—were of such a short duration (at most two days) that they did not amount to an Eighth Amendment violation. *See, e.g.*, *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (finding no Eighth Amendment violation where inmate alleged "no toilet paper, soap, toothpaste, toothbrush, running water, or the ability to shower for six days while on Behavioral Management"); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001)

---

[1] Because Plaintiff is a pretrial detainee and not a convicted prisoner, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). However, "[t]he Due Process Clause of the Fourteenth Amendment extends the protection of the Eighth Amendment to pretrial detainees such as Plaintiff." *Harrell v. Grainger Cty., Tenn.*, 391 F. App'x 519, 522 (6th Cir. 2010). Plaintiff's conditions-of-confinement claims, therefore, will proceed under the Fourteenth Amendment, but will be analyzed like Eighth Amendment claims. *See Bass v. Strode*, No. 1:12CV-P182-R, 2012 WL 5834123, at *2 (W.D. Ky. Nov. 16, 2012).

("With respect to Plaintiff's conditions of confinement claims – that he was deprived of a lower bunk, was subjected to a flooded cell, and was deprived of a working toilet – Plaintiff alleged only temporary inconveniences and did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency."); *Abdur-Reheem-X v. McGinnis*, No. 99-1075, 1999 WL 1045069, at *1 (6th Cir. Nov. 12, 1999) ("[T]he Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets."); *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996) (holding that as a matter of law defendants did not violate inmate's Eighth Amendment rights by depriving him of a mattress for a two-week period); *see also Wiley v. Ky. Dep't of Corr.*, No. 11-97-HRW, 2012 WL 5878678, at *4 (E.D. Ky. Nov. 21, 2012) (holding an inmate's placement in a "dry cell" with no running water failed to state a constitutional claim because the discomforts the inmate experienced lasted for only 14 days); *Glover v. Grant Cty. Det. Ctr.*, No. 10-00088-DLB, 2010 WL 2804054, at *4 (E.D. Ky. July 15, 2010) ("[T]hese short durations of cold conditions [between February 2-5, 2010 and "for 2½ days later that month"] fail to amount to a serious deprivation of the minimal civilized measure of life's necessities."); *Clark v. Spey*, No. 01-C-9669, 2002 WL 31133198 (N.D. Ill. Sept. 26, 2002) (finding inmate held overnight in cold cell with no toilet did not state a claim); *Gilland v. Owens*, 718 F. Supp. 665, 685 (W.D. Tenn. 1989) ("Short term deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation.").

For these reasons, the Court will dismiss this action by separate Order.

Date: August 1, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendant
Jefferson County Attorney
4416.005